# STATE OF VERMONT

SUPERIOR COURT                                          ENVIRONMENTAL DIVISION
Vermont Unit                                             Docket No. 68-5-12 Vtec

| Champlain Parkway A250 Permit |
|---|

## ENTRY REGARDING MOTIONS

Title:          Motion to Admit Prefiled Rebuttal Testimony (Motion 24)
Filer:          City of Burlington
Attorney:       Brian S. Dunkiel
Filed Date:     March 14, 2014

Response in opposition filed on 03/24/2014 by Attorney Carl H. Lisman for Appellant Fortieth Burlington, LLC
Response filed on 03/24/2014 by Attorney Brian S. Dunkiel for Interested Person City of Burlington

**The motion is DENIED.**

Title:          Motion to Delay Post-Hearing Filings (Motion 25)
Filer:          Fortieth Burlington, LLC
Attorney:       Carl H. Lisman
Filed Date:     March 24, 2014

Response in opposition filed on 03/24/2014 by Attorney Brian S. Dunkiel for Interested Person City of Burlington

**The motion is GRANTED.**

Fortieth Burlington, LLC (Fortieth), the remaining appellant in this action, appeals the April 2012 District # 4 Environmental Commission decision approving the Champlain Parkway project proposed by the City of Burlington (the City) and the Vermont Agency of Transportation (VTrans) (together, Applicants). The issues remaining for trial related to traffic impacts. A two-day merits hearing was conducted on February 11 and 13, 2014 at the Costello Courthouse in Burlington, Vermont. Post-hearing filings were due March 14, 2014, with supplemental responsive memoranda due March 28, 2014.

**Motion to Admit Prefiled Rebuttal Testimony**

In April and June 2013, the parties submitted prefiled witness testimony to the Court. In August 2013, the City prefiled the rebuttal testimony of one of its witnesses, David Kahlbaugh. At the start of the first day of trial, Mr. Kahlbaugh's prefiled direct testimony was admitted by stipulation. (Transcript of Feb. 11, 2014 at 6:22–7:6.) Also at this time, the City moved for the admission of Mr. Kahlbaugh's rebuttal testimony. Id. at 7:9–7:11. Fortieth objected, arguing that the offer was premature since the parties had not presented their cases in chief. Id. at 7:14–7:21. The Court declined to admit the rebuttal testimony at that time and suggested that the City could re-offer the rebuttal testimony following Fortieth's case in chief, perhaps requiring Mr. Kahlbaugh to return to the stand. Id. at 7:22–8:11. Although the City recalled Mr. Kahlbaugh following Fortieth's presentation of witnesses and elicited Mr. Kahlbaugh's oral testimony, it did not re-offer his prefiled rebuttal testimony. (Transcript of Feb. 13, 2014 at 179:4.)

Now, following the close of evidence, the City files its post-hearing motion for the admission of this prefiled rebuttal testimony, and Fortieth opposes the motion. Fortieth argues that Mr. Kahlbaugh's prefiled rebuttal testimony was never properly offered into evidence because Applicants did not re-offer the testimony following the direct and cross-examination of all of Applicants' and Fortieth's witnesses. (Fortieth Burlington, LLC's Opposition to Admitting Testimony at 2.) Fortieth further argues that the City's failure to properly introduce the testimony was a tactical decision and that the City has not offered a persuasive justification for relief. Id. at 3. Finally, Fortieth argues that admitting the testimony post-hearing would deprive them of the opportunity to cross-examine Mr. Kahlbaugh on his rebuttal testimony consistent with Vermont Rule for Environmental Court Proceedings 2(e)(2) and due process principles. Id. at 4.

The City states that its failure to request a ruling on the testimony at the time of rebuttal was not a strategic decision. (Applicants' Memorandum in Opposition to Appellant Fortieth Burlington, LLC's Motion to Delay Post-Hearing Filings and Opposition to Admitting Testimony at 1, filed Mar. 24, 2014.) Rather, the City argues, its omission but was, "at worst," an oversight due to the trial ending "at the very end of the day on which a large snowstorm was entering the area." Id. The City also alleges that Fortieth fully cross-examined Mr. Kahlbaugh on the subject matter contained in his prefiled rebuttal testimony. Id.

Rebuttal evidence is "offered by a party after he has rested his case and after the opponent has rested in order to contradict the opponent's evidence." Black's Law Dictionary 876 (6th ed. 1991). Moreover, prefiled testimony may be "admitted only if the witness is present and available for cross-examination, unless the court and the parties otherwise agree or the witness is unavailable . . . ." Vermont Rule for Environmental Court Proceedings 2(e)(2)(B). Although the parties knew the scope of Fortieth's witness testimony in advance of the hearing, a ruling on the admission of the City's rebuttal was appropriately deferred until after Fortieth rested its case. Because the City did not offer Mr. Kahlbaugh's prefiled rebuttal testimony when it recalled him, the Court made no such ruling and the prefiled rebuttal testimony was therefore not admitted. Within the second day of the hearing, the City had the opportunity to complete its live direct questioning of Mr. Kahlbaugh in its rebuttal, Fortieth

cross-examined Mr. Kahlbaugh on this rebuttal, the City re-directed, and Fortieth re-crossed. Fortieth's cross-examination of Mr. Kahlbaugh's rebuttal testimony was limited by the scope of the City's line of questioning upon recalling him. V.R.E. 611(b). Fortieth has had no opportunity or reason to cross-examine Mr. Kahlbaugh on the prefiled rebuttal testimony that was not admitted. Admitting this testimony post-hearing would deny Fortieth the opportunity to conduct such cross-examination.

Furthermore, the City's motion essentially asks the Court to reopen the evidence, which the V.R.C.P. treats as a motion for a partial new trial. In re Petition of Twenty-Four Vt. Utils., 159 Vt. 339, 356–357 (1992); see V.R.C.P. 59(a). This Court has discretion as to whether or not further evidence may be offered after the close of testimony. In re Bjerke, 2014 VT 13, ¶ 16 (citing Singh v. City of Hartford, 116 Conn. App. Ct. 50, 54 (2009)).

Considering the totality of the situation, we find that Applicants set forth no compelling reason why they failed to properly introduce the prefiled evidence at issue or why it should now be admitted. We decline to reopen the evidence and conduct a new partial trial. The City's motion is therefore **DENIED.**

### Motion to Delay Post-Hearing Filings

Fortieth moves to extend the deadline for responsive memoranda due to the City's post-hearing motion to admit the prefiled rebuttal testimony. Because the exclusion of this testimony may be relevant to any proposed findings and conclusions, the Court gives the parties until April 7, 2014, to file any responsive memoranda.

So ordered.


_____          _____
Thomas G. Walsh                                                  Date
Superior Court Judge, Environmental Division


Notifications:
Carl H. Lisman (ERN 3882), Attorney for Appellant Fortieth Burlington, LLC
Brian S. Dunkiel (ERN 4594), Attorney for Interested Person City of Burlington
Elizabeth H. Catlin, Co-Counsel for Interested Person City of Burlington
Daniel D. Dutcher (ERN 1412), Attorney for Interested Person Agency of Trans. State of Vermont